REQUESTED BY: George H. Ludwig, Acting Director Nebraska Department of Environmental Control
May the Environmental Control Council convene a closed meeting for the purpose of preparing a list of candidates to fill the position of Director of the Department of Environmental Control for consideration by the Governor pursuant to Neb.Rev.Stat. § 81-1503(7) (Reissue 1981)?
Yes, but only where it is clear from discernible facts and circumstances that in each instance such a closed session is necessary for the protection of the public interest or for the prevention of needless injury to the reputation of an individual, and if such individual has not requested a public meeting.
By letter dated January 14, 1983, you have informed this office that the Environmental Control Council will soon be preparing a list of candidates to fill the position of Director of the Department of Environmental Control for submission to the Governor for his action, in accordance with Neb.Rev.Stat. § 81-1503(7) (Reissue 1981). Inasmuch as the Council is a `public body' as defined by the Nebraska Public Meetings Law, Neb.Rev.Stat. §§ 84-1408 et seq. (Reissue 1981), you inquire as to whether it can draw the list of candidates at a closed session taking place some time after interviews of candidates have been completed.
Neb.Rev.Stat. § 84-1410 (Reissue 1981) authorizes public bodies to hold closed sessions, but only when it becomes apparent that such a session is clearly necessary for the protection of the public interest or for the prevention of needless injury to the reputation of an individual, and then only if such individual has not requested a public meeting. The statute further sets out as examples three specific reasons for which closed sessions might be appropriate, but indicates clearly that other reasons embodying the need to protect the public interest or to prevent the needless injury to the reputation of individuals might on occasion be encountered.
We can envision occasions when the Council, in drafting a list of candidates for the Director of the Department of Environmental Control, may encounter facts and circumstances which genuinely threaten the public interest or the reputation of specific individuals. If such a situation should ever arise, we are confident that the Council would be entitled to go into closed session. What we must emphasize, is that such a closed session would not be proper simply because of the possibility that such sensitive matters might arise, but only when in fact they do arise and must be dealt with. Such occasions typically will arise during the course of open meetings, and it is for this reason that § 84-1410
requires that a public body can go into closed session only after a vote is taken by the members in open session. Moreover, the reason for the closed session must appear in the minutes thereof, and we are convinced that the public body can be held accountable in legal proceedings for the propriety of its decision to go into closed session.
Against this background, we conclude that the Environmental Control Council is entitled to go into closed session in preparing a list of candidates for the position of Director of the Department of Environmental Control only when discernible facts and circumstances have arisen compelling the conclusion that a genuine threat to the public interest or to the reputation of specific individuals exists.
We note in passing that provision of § 84-1410 which would preclude a closed meeting for discussing the appointment or election of a new member to a public body, but we take the view that this provision is not controlling with regard to your inquiry since we believe that unlike the Environmental Control Council, the Department of Environmental Control is not a public body within the meaning of the Public Meetings Law, and it is to the Department that the Director will be appointed rather than the Council.
Very truly yours, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General